IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

MELVIN CLINE CAULEY,

    Petitioner,

VS.

GREGORY MCLAUGHLIN,

    Respondent.

NO. 5:10-CV-332 (MTT)

Proceedings Under 28 U.S.C. §2254
Before the U.S. Magistrate Judge

## **RECOMMENDATION**

Respondent Gregory McLaughlin has filed a Motion to Dismiss the above-captioned petition alleging that it is untimely according to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. §2244(d). Doc. 12. As the petition was filed outside the applicable limitations period, and because Petitioner has failed to show any cause for tolling the limitations period, it is **RECOMMENDED** that the petition be **DISMISSED**.

## FACTUAL AND PROCEDURAL HISTORY

On June 24, 2004 Petitioner Melvin Cline Cauley was convicted and sentenced in the Houston County, Georgia Superior Court for the offense of possession of cocaine with the intent to distribute. Petitioner's conviction and sentence were affirmed on October 1, 2007. See Cauley v. State, 287 Ga. App. 701 (2007).

On July 28, 2008, Petitioner filed a state habeas corpus petition. This state habeas petition was denied on July 29, 2009. A subsequently-filed application for a certificate of probable cause to appeal was denied by the Georgia Supreme Court on March 29, 2010. On May 17, 2010, the Georgia Supreme Court denied Petitioner's motion for reconsideration. On August 23, 2010, Petitioner executed his federal habeas corpus petition in this Court. Doc. 1.

## LEGAL STANDARDS

The AEDPA sets forth a one (1) year period of limitations for filing an application for a writ of habeas corpus for a person in custody pursuant to the judgment of a state court. 28 U.S.C. §2244(d)(1). This limitations period begins to run on the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. In calculating the limitations period, courts do not count any time "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

## DISCUSSION

In this case, the period of limitations must be measured from the date on which Petitioner's conviction became final. See 28 U.S.C. § 2244(d)(1)(A). Petitioner has failed to demonstrate that a government-created impediment to his filing his §2254 petition existed, that he bases any claims on a right newly recognized by the Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence before the date his conviction became final.

Petitioner's convictions became final no later than October 11, 2007, the date the ten day period during which he could have filed a motion for reconsideration of the Georgia Court of

Appeals decision or a notice of intent to apply for certiorari to the Georgia Supreme Court expired. See Rule 38 of the Georgia Court of Appeal's Rules and Rule 38 of the Georgia Supreme Court's Rules. Petitioner then waited 291 days, until July 28, 2008, to file his state habeas corpus petition. The period of limitations then began to run again on May 17, 2010, the date the Georgia Supreme Court denied his motion for reconsideration of the order denying his application for a certificate of probable cause to appeal the state habeas court's denial of relief. Ninety eight days later, on August 23, 2010, Petitioner executed the instant federal petition. Adding those ninety eight days to the previous 291 days amounts to 389 days.

Petitioner has failed to show that he is entitled to equitable tolling of the statute of limitations. Although Petitioner did not file a response to the Motion to Dismiss[1], he maintains in his Petition that he is entitled to equitable tolling because he is "actually innocent of the crime for which he stands convicted." Petition ¶ 18 (Doc. 1). A court may consider an untimely petition if refusing to consider the merits of the petition "would endorse a 'fundamental miscarriage of justice' because it would require that an individual who is actually innocent remain imprisoned." San Martin v. McNeill, 633 F.3d 1257, 1267-68 (11th Cir. 2011)(quoting Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001)). The actual innocence exception to the statute of limitations is "extremely narrow in scope." Id. at 1268. To meet this exception, a petitioner must show, based on reliable evidence not presented at trial, that no reasonable juror would have convicted him of the offense. Johnson, 256 F.3d at 1171. See also Schlup v. Delo, 513 U.S. 298, 324 (1995). Petitioner has presented nothing to indicate the existence of evidence to show that no reasonable juror would

---

[1] The document entered into the docket as Petitioner's response to the Motion to Dismiss (Doc. 14) is in fact a copy of Petitioner's argument on the merits of his petition.

have convicted him. In the absence of such evidence, the Court cannot entertain his untimely petition.

## CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

In this case, there has been no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the district court should deny a certificate of appealability in its final order.

Pursuant to § 2254 Rule 11(a): "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this Recommendation.

Accordingly, **IT IS RECOMMENDED** that Respondent's Motion to Dismiss be GRANTED, the instant § 2254 petition for writ of habeas corpus be **DISMISSED** with prejudice, and that a certificate of appealability be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned, **WITHIN FOURTEEN (14)**

**DAYS** after being served with a copy thereof. The Clerk is directed to serve Petitioner at the last address provided by him.

**SO RECOMMENDED**, this 12th day of May, 2011.

                                                s/ Charles H. Weigle
                                                Charles H. Weigle
                                                United States Magistrate Judge